```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
APRIL KLEIN                        :
                                   :
              Plaintiff,           :
                                   :
         -against-                 :            **OPINION**
                                   :            07 Civ. 160(RLC)
NEW YORK UNIVERSITY                :
                                   :
              Defendant.           :
                                   :
-----------------------------------X
```

APPEARANCES

LAW OFFICES OF ROBERT T. VANCE, JR.
Attorneys for Plaintiff
100 South Broad Street, Suite 1530
Philadelphia, PA 19110

    ROBERT T. VANCE, JR.
      Of Counsel


NIXON PEABODY LLP
Attorneys for Defendant
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753

    JAMES P. O'BRIEN, JR.
      Of Counsel



ROBERT L. CARTER

Currently before the court is defendant's motion to dismiss portions of plaintiff's first and second claims for relief pursuant to Rule 12(b)(1), F.R. Civ. P., and plaintiff's third claim for relief pursuant to Rule 12(b)(6), F.R. Civ. P. For the reasons herein, the court denies defendant's motion to dismiss the aforementioned claims.

**BACKGROUND**

Plaintiff began working at the Leonard N. Stern School of Business ("Stern") at New York University ("NYU") as a visiting professor in 1987. She accepted a full-time, tenure-track position in 1989. Plaintiff was granted tenure in 1992, and has been an associate professor of accounting since that time.

Plaintiff alleges that defendant engaged in gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.[1] Plaintiff alleges: that she was denied a promotion to full professor in 1999 because of her sex; she was rejected for three faculty fellowships in 1999, 2002, and 2005; a senior faculty member propositioned her for sex while she was considered for tenure in 1992; and she received an inadequate raise in 2005 because of her sex.

---

[1] In relevant part, 42 U.S.C.A. § 2000e states the following: "It shall be an unlawful employment practice for an employer—(1). . .to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ."

2

Plaintiff also alleges that NYU violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d).[2] Specifically, plaintiff alleges that she has been retaliated against for signing a petition regarding gender issues at Stern; her request to teach in the accounting Ph.D. program was denied; a Ph.D. advisee informed her that he was pressured to exclude her from chairing his dissertation committee; her requests for a better office have been denied; she has received onerous teaching schedules; she was denied a faculty fellowship and is not being considered for promotion to full professor; and her requests for campus housing have been denied. In support of this claim she argues that her work performance is superior to the work product of male tenured professors, yet she received a mere three percent raise in 2005, while "similarly situated male co-workers" received substantially higher raises.

On April 17, 2006, plaintiff filed a charge of discrimination with the EEOC against NYU. The EEOC sent plaintiff a right to sue letter regarding her complaint. Thereafter, plaintiff filed another charge of discrimination against NYU with the EEOC on December 29, 2006. Plaintiff filed her initial complaint in this case on January 9, 2007. The EEOC issued a right to sue letter with respect to the second charge on

---

[2] In relevant part, 29 U.S.C. § 206(d) states the following: "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. . . ."

3

March 20, 2007. Plaintiff filed an amended complaint on April 13, 2007.

**DISCUSSION**

**1. Title VII Claims**

A complaint may be dismissed pursuant to Rule 12(b)(1), F.R. Civ. P., when "the district court lacks statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). When a complaint is challenged pursuant to Rule 12(b)(1), F.R. Civ. P., for lack of subject matter jurisdiction, a court must accept the factual allegations made in the complaint as true, drawing reasonable inferences in favor of the plaintiff. <u>See</u> <u>Lunney v. United States</u>, 319 F.3d 550, 554 (2d Cir. 2003). A district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits. <u>See</u> <u>State Employees Bargaining Agent Coal. v. Rowland</u>, 494 F.3d 71, 75 (2d Cir. 2007).

Timely filing of a charge of discrimination with the EEOC is a prerequisite to filing a Title VII complaint in federal court. <u>See</u> 42 U.S.C. § 2000e-5(b). In New York, a plaintiff must file a charge of discrimination with the EEOC within three hundred days of the alleged discriminatory or retaliatory conduct. <u>See</u> <u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d 759,

766 (2d Cir. 1998). The three hundred day period serves as a statute of limitations, and claims regarding acts that occurred more than three hundred days prior to the employee's initiation of administrative review are thus time-barred. See Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001).

However, the statute of limitations may be extended if the plaintiff has suffered a "continuing violation." Accordingly, if plaintiff has been subjected to a continuous practice and policy of discrimination, the statute of the limitations is not tolled until the last discriminatory act in furtherance of the policy or practice occurred. See Washington v. County of Rockland, 373 F.3d 310, 317 (2d Cir. 2004). The continuing violation doctrine applies to claims of a very limited scope. The United States Supreme Court held that Title VII claims that seek recovery for discrete incidents of discrimination may not be reviewed under the continuing violation doctrine. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 153 (2002). The Court identified "termination, failure to promote, denial of transfer, or refusal to hire" as example of conduct that comprise a "discrete discriminatory act." National, 536 U.S. at 122. However, where the plaintiff alleges that the defendant has created a hostile work environment, the continuing violation doctrine is applicable. Id. at 103.

Defendant claims that plaintiff's allegations of discrimination and retaliation are untimely because plaintiff filed her initial charge with the EEOC more than three hundred days after the occurrence of the acts. See Def's Mot. to Dismiss, at 4. Defendant argues that the court lacks subject matter jurisdiction over plaintiff's untimely claims. Plaintiff contends that the separate acts of discrimination against Klein comprise one unlawful employment practice. See Pl.'s Mot. in Opp. at 5.

The acts (failure to promote, rejection of fellowship, low raise) that have been identified by plaintiff fall within the ambit of "discrete discriminatory acts," and the three hundred-day tolling period applies to these acts. Accordingly, plaintiff is precluded from asserting any pre-June 21, 2005[3] conduct by defendant as specific, compensable acts of discrimination or retaliation under Title VII of the Civil Rights Act of 1964.[4] Nonetheless, time-barred conduct may still be offered as evidence of discriminatory intent to support timely claims. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 102 (2002)("[T]he statute [does not] bar an employee

---

[3] Plaintiff filed her complaint with the EEOC on April 17, 2006, and discrete claims of discrimination brought by plaintiff that accrued before June 21, 2005 are thus time-barred.

[4] To the extent that pre-June 21, 2005 conduct is relevant for a hostile work environment claim that plaintiff may have, it is not time-barred conduct pursuant to the continuing violation doctrine. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115-16 (2002).

from using the prior acts as background evidence to support a timely claim."). Consequently, these discrete acts *are still relevant* for plaintiff's timely claims regarding defendant's post-June 21, 2005 conduct.[5] Plaintiff complied with the statute of limitations regarding defendant's alleged conduct in late 2005, and such conduct comprises specific, compensable acts of discrimination under Title VII of the Civil Rights Act of 1964. As such, defendant's motion to dismiss portions of counts one and two of the complaint is denied.

**2. Equal Pay Act Claims**

Defendant argues that plaintiff's third claim for relief, the Equal Pay Act claims, should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), F.R. Civ. P. Dismissal should be granted pursuant to Rule 12(b)(6), F.R. Civ. P., where the plaintiff has failed "to state a claim upon which relief can be granted." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). To withstand an attack under Rule 12(b)(6), the complaint does not need "detailed factual allegations," but it must state a "plausible" basis for recovery that is not based on "conclusory" or "speculative" allegations.

---

[5] Plaintiff has alleged that defendant in the following conduct after June 20, 2005 because of her sex: 1) Dean Cooley belittled plaintiff in a public forum and such conduct was because of her sex; 2) Dean Sproull conducted a hostile interview of plaintiff in which he questioned her regarding her role in a committee that handles complaints regarding sex discrimination and harassment; and 3) she received a raise that was substantially lower than that of similarly-situated male colleagues.

7

See Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). To state a claim for relief under the Equal Pay Act, plaintiff must allege the following: (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions. See Corning Glass Works v. Brennan, 47 U.S. 188, 195 (1974). Here, plaintiff requests leave to amend the complaint to specifically plead this claim. Plaintiff argues that she will plead the Equal Pay Act as follows: (1) she has identified several male faculty member who are paid more than her; (2) she will detail how the female faculty perform equal work requiring equal skill as the male faculty; and (3) she will discuss how the jobs are performed under similar conditions. See Pl's Mot. in Opp., at 8. Rule 15(a), F.R. Civ. P., provides that "leave [to amend] shall be freely given when justice so requires."

Defendant argues that leave to amend the complaint should not be granted because the proposed amendment would be futile. Where there is no merit in proposed amendment, leave to amend should be denied. See Health-Chem. Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990)(concluding that when there is no merit in the proposed amendments, leave to amend should be denied).

The court disagrees with defendant's argument that the amendment would be futile. Plaintiff has identified each of the elements of an Equal Pay Act claim, and how she plans to plead each of the elements in this case. As such, plaintiff is granted leave to amend the complaint, and the motion to dismiss the Equal Pay Act claim is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss portions of counts one and two, and all of count three, is denied.

**IT IS SO ORDERED**

DATED:  New York, New York
        August 14, 2008

*[signature: Robert L. Carter]*

**ROBERT L. CARTER**
**U.S.D.J.**